UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYRONE BROWN, | ) |
| Movant, | ) ) ) |
| v. | ) No. 4:12-CV-761 (CEJ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

**MEMORANDUM**

This matter is before the court on the motion of Tyrone Brown to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States has filed a response in opposition and Brown has filed a reply.

**I. Background**

Following a jury trial, Brown was found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to a 77-month term of imprisonment.

The evidence presented at trial established that on November 6, 2009, St. Louis police officers executed a search warrant at a residence located at 1614 and 1616 Hamilton. Brown was found hiding under a pile of clothes in a closet and was taken into custody. In a bedroom, the police found a .9-millimeter handgun under a mattress and personal items belonging to Brown. After being advised of his rights, Brown told the police that he had obtained the firearm for his protection.

Brown appealed, arguing only that his conviction violated his Second Amendment right to possess and bear arms. The court of appeals rejected his

argument and affirmed the judgment.  United States v. Brown, 436 Fed. Appx. 725 (8th Cir. 2011).

## II. Discussion

In the motion to vacate, Brown asserts the following grounds for relief: (1) ineffective assistance of counsel, (2) insufficiency of the evidence, and (3) improper application of the Sentencing Guidelines.

### A. Ineffective Assistance of Counsel

To prevail on an ineffective assistance claim, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby.  Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689.  In Strickland, the Court described the standard for determining an ineffective assistance claim:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.  A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case.  At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 466 U.S. at 690.

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

In his motion, Brown complains that his attorney failed to point out that the firearm was not found on his person, did not challenge the police officers' testimony about where the gun was found, and failed to call the owner of the gun as a witness. As discussed above, the testimony established that the gun was found under a mattress. Therefore, the jury knew that it was not found on Brown's person. There was no need for defense counsel to point out this obvious fact. Furthermore, the government's burden of proof did not depend on whether Brown had actual possession of the gun. Rather, as the jury was instructed, the "possession" element of the offense could be satisfied if the government proved beyond a reasonable doubt that Brown had constructive possession of the gun. *See* United States v. Boykin, 986 F.2d 270, 274 (8th Cir. 1993). Further, in establishing possession the government was not required to prove that Brown owned the gun. Therefore, testimony that the gun was owned by someone other than Brown would have had no bearing on the case. Defense counsel cannot be faulted for not presenting irrelevant evidence.

Additionally, defense counsel cross-examined the police officers who participated in the search. Brown does not identify any question that defense counsel failed to ask that would have aided in challenging the officers' testimony.

Brown also complains that his attorney should have called Bianca Clay and Steven Dyson to testify in his defense. The trial transcript reveals that both witnesses were subpoenaed by defense counsel and both declined to testify on Fifth Amendment grounds. Defense counsel could not compel them to testify and cannot be faulted for their exercise of their right against self-incrimination.

Finally, Brown alleges that his attorney falsely stated that he would receive a 10-year sentence if he testified at trial and an 8-year sentence if he did not testify. If this allegation is intended to be a claim that Brown was improperly deterred from testifying at trial, the allegation is belied by the record. Before the defense rested its case, the court addressed Brown personally and inquired about his decision not to testify. Brown stated that no one had made any threats to him to prevent him from testifying and that his decision not to testify was made freely. United States v. Brown, Case No. 4:09-CR-732-CEJ (E.D. Mo.), Transcript, pp. 160-162 [Doc. # 98]. Further, the sentence imposed was less than eight years. Thus, even if Brown could prove his allegation to be true, he was not prejudiced.

### B. Sufficiency of the Evidence

Brown could have challenged the sufficiency of the evidence on appeal, but he failed to do so. As such, this claim is procedurally defaulted and cannot be raised in this § 2255 proceeding absent a showing of cause and prejudice. *See* Boyer v. United States, 988 F.2d 56, 57 (8th Cir. 1993); Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992), *cert. denied*, 507 U.S. 945 (1993) [*citing* United

States v. Frady, 456 U.S. 152 (1982)]. In order to show cause, a movant must establish that "some objective factor external to the defense" impeded his ability to present his claim on appeal. McCleskey v. Zant, 499 U.S. 467, 493 (1991) [*quoting* Murray v. Carrier, 477 U.S. 478, 488 (1986)]. Ineffective assistance of counsel or a showing of actual innocence may constitute cause sufficient to exempt a movant from the procedural bar. Id. at 494. Here, Brown makes no showing of actual innocence, but he does contend that his attorney's performance was deficient.

Regardless of the procedural default, Brown's claim of insufficiency of the evidence lacks merit. At trial, the government presented evidence of Brown's constructive possession of the gun on November 6, 2009 and evidence from which a reasonable jury could infer that he had knowledge of the gun. There was also evidence that the gun functioned as designed, and was therefore a "firearm" under federal law, and evidence that it was manufactured in Ohio. Finally, it was stipulated that Brown had been convicted of a felony offense prior to November 6. Thus, all of the elements of the offense under 18 U.S.C. § 922(g)(1) were established. Brown has not shown that no reasonable jury could have found him guilty beyond a reasonable doubt. *See* United States v. Johnson, 745 F.3d 866, 869 (8th Cir. 2014) (in sufficiency-of-evidence challenge, court views evidence in light most favorable to guilty verdict and must determine whether no reasonable jury could have found defendant guilty beyond a reasonable doubt).

### C. Application of Sentencing Guidelines

Brown's claim that the Sentencing Guidelines were improperly applied is procedurally defaulted, because he could have raised it on direct appeal but failed to

do so.  Nevertheless, when the merits of the claim are considered it is clear that Brown is not entitled to relief.

At the sentencing hearing on November 29, 2010, the court determined that Brown's criminal history category was IV and his total offense level was 24.  As such, the range of imprisonment was 77 to 96 months.  Brown does not challenge the facts supporting the criminal history category or offense level calculations.  Except for Brown's prior convictions, the offense level calculation was not based on facts that were not encompassed by the jury's verdict.  *See* United States v. Booker, 543 U.S. 220, 244 (2005) (jury must determine all facts, other than a prior conviction, that are necessary to support a sentence above the maximum authorized by the facts established by the verdict); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  After considering the relevant factors under 18 U.S.C. § 3553(a), the court determined that a sentence at the low end of the guideline range would be sufficient, but not greater than necessary, to address the sentencing objectives of punishment, deterrence, and incapacitation.  In his motion, Brown offers no factual support for his allegation that his sentence was enhanced by his prior convictions and by the prosecutor's use of "unconstitutional codes" and no such support can be found in the record.

*****

For the reasons discussed above, the court concludes that motion and the files and records of this case conclusively show that Brown is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion to vacate.  Therefore, the motion will be denied without a hearing. See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the court finds that

Brown has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An order consistent with this memorandum opinion will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of July, 2015.